# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Western District, MO |
|---|---|
| Name (under which you were convicted): TURNER, Barbara | Docket or Case No.: 02-3110-01-CR-S-DW |
| Place of Confinement: FCI-Tallahassee | Prisoner No.: 15412-045 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) Barbara Turner |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: U.S. DISTRICT COURT, WESTERN MISSOURI
222 N. John Q. Hammons Parkway
Springfield, Missouri 65806

(b) Criminal docket or case number (if you know): 02-3110-01-CR-S-DW

2. (a) Date of the judgment of conviction (if you know): November 08, 2004

(b) Date of sentencing: November 08, 2004

3. Length of sentence: 2 Life terms to run consecutively

4. Nature of crime (all counts): Murder; Robbery; Use of a Firearm During and in Relation to a Crime of Violence; Consprircy to Commit an Offense Against the United States; and, Attempted Murder of a Federal Officer.(in the heat of passion).

5. (a) What was your plea? (Check one)

(1) Not guilty ☒ (2) Guilty ☐ (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☒ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☒ No ☐

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: UNTIED STATES COURT OF APPEALS for the EIGHTH CIRCUIT

(b) Docket or case number (if you know): 04-3836

(c) Result: Judgements Affirmed

(d) Date of result (if you know): March 17, 2006

(e) Citation to the case (if you know): ______

(f) Grounds raised: Courtroom conduct of Case Agent; Shifting of Burden of Proof by the Government; Government reopened it's Case in Chief to call defense witness who change her Grand Jury Testimony; Dismissal of count 5 due to Government Misconduct.

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): ______

(2) Result: ______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

(5) Grounds raised: ______

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ____________________

(5) Grounds raised: ____________________

____________________

____________________

____________________

____________________

____________________

____________________

____________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ❑ No ❑

(7) Result: ____________________

(8) Date of result (if you know): ____________________

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ____________________

(2) Docket or case number (if you know): ____________________

(3) Date of filing (if you know): ____________________

(4) Nature of the proceeding: ____________________

(5) Grounds raised: ____________________

____________________

____________________

____________________

____________________

____________________

____________________

____________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ❑ No ❑

(7) Result: ____________________

(8) Date of result (if you know): ____________________

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ❑ No ❑

(2) Second petition: Yes ❑ No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: ______

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** Violation of Constitutional right of SIXTH AMENDMENT, Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel was ineffective in failing to raise objection and argue the insufficient evidence concerning counts 1 Murder and 3 Use of a Firearm, as specified in the definitions and jury instructions.

*See Memorandum in Support of §2255

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Trial counsel was still representing me through the direct appeal as well.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______________________

**GROUND TWO:** Violation of Constitutional right of SIXTH AMENDMENT, Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to conduct pretrial investigations concerning documentation and knowledgable testimony concerning policies governing the Davis Club and its' programs.

*See Memorandum in Support of §2255

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Trial counsel was still representing me through the direct appeal as well.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ___

Name and location of the court where the motion or petition was filed: ___

Docket or case number (if you know): ___

Date of the court's decision: ___

Result (attach a copy of the court's opinion or order, if available): ___

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___

Docket or case number (if you know): ___

Date of the court's decision: ___

Result (attach a copy of the court's opinion or order, if available): ___

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______________________________

GROUND THREE: Violation of Constitutional right of SIXTH AMENDMENT, Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel's failure to raise objection concerning Prosecutorial Misconduct during rebuttal argument.

*See Memorandum in Support of §2255.

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Trial counsel was still representing me through the direct appeal as well.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______________________________

Name and location of the court where the motion or petition was filed: ______________________________

Docket or case number (if you know): ______________________________

Date of the court's decision: ______________________________

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

______________________________________________

______________________________________________

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______________

______________________________________________

______________________________________________

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______________

Name and location of the court where the motion or petition was filed: ______________

______________________________________________

Docket or case number (if you know): ______________

Date of the court's decision: ______________

Result (attach a copy of the court's opinion or order, if available): ______________

______________________________________________

______________________________________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________

______________________________________________

______________________________________________

Docket or case number (if you know): ______________

Date of the court's decision: ______________

Result (attach a copy of the court's opinion or order, if available): ______________

______________________________________________

______________________________________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: All grounds mentioned in this application have not been presented prior to filing this motion due to trial counsels continued representation in post conviction proceedings.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ______

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ______

(b) At arraignment and plea: ______

Jason Coatney
1304 W. Battlefield, Suite B
Springfield, MO 65802

(c) At trial: ______

(d) At sentencing: ______

(e) On appeal: ______

(f) In any post-conviction proceeding: ______

(g) On appeal from any ruling against you in a post-conviction proceeding: ______

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ______

(b) Give the date the other sentence was imposed: ______

(c) Give the length of the other sentence: ______

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* Motion is filed within the one-year limitation period.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Vacate and set aside conviction for Title 18 U.S.C. violations §§1111, 2 and 7(3); §§2111, 1 and 7(3); §§924(c), §§924(j)(1) and 2; and §371

or any other relief to which movant may be entitled.

______________________________

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on March 15, 2007 (month, date, year).

Executed (signed) on March 15, 2007 (date).

B. Turner.

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. ______________________________

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>BARBARA TURNER,<br>Petitioner | )<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 02-03110-01-CR-S-DW<br><br>MEMORANDUM IN SUPPORT OF §2255 MOTION OF BARBARA TURNER |

INTRODUCTION

COMES NOW, the Petitioner, Barbara Turner, pro se, respectfully submitting a motion pursuant to Title 28 U.S.C. §2255, with supporting memorandum of authorities in the above captioned case to vacate and set aside her conviction and sentence for violation of Title 18 U.S.C. §§1111, 2, and 7(3) Murder; 18 U.S.C. §§2111, 1 and 7(3) Robbery; 18 U.S.C. §§924(c), §§924(j)(1) and 2 Unlawful Use of a Weapon; and 18 U.S.C. §§371 Conspiracy, imposed by this court in the judgement entered November 8, 2004, in Case No. 02-03110-01-CR-S-DW.

Petitioner is proceeding pro se in this matter, and requests this court to construe this pleading liberally. As the court unanimously held in Hains v. Kerner, 4040 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972), pro se complaint, "however inartfully pleaded" must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of support of his claim which would entitle him to relief. Id. at 520-521, quoting Conley v. Gibson, 225 U.S. 41, 45-46 (1957).

THIS MOTION IS BASED ON THE FOLLOWING CLAIMS:

1) Violation of Constitutional right of AMENDMENT SIX, Ineffective Assistance of Counsel;

2) Violation of Constitutional right of AMENDMENT SIX, Ineffective Assistance of Counsel;

3) Violation of Constitutional right of AMENDMENT SIX, Ineffective Assistance of Counsel.

PROCEDURAL HISTORY

Petitioner, Barbara Turner, was indicted on December 11, 2002, on five counts of various Title 18 U.S.C. violations. A trial began on March 1, 2004, where Petitioner was represented by counsel Jason Coatney. Trial concluded with guilty verdicts on each of the five counts on March 10, 2004.

Sentencing occurred on November 8, 2004, with the court imposing a term of Life for Murder, 180 months for Robbery, 60 months for Conspiracy, 240 months for Attempted Murder (in the heat of passion), all to run concurrently; and a term of Life for Use of a Firearm during and in relation to a crime of violence, which sentence was to run consecutive to the other sentences. Supervised release is also imposed upon release for a term of 5 years on counts 1 Murder, and 3 Use of a Weapon; and 3 years on counts 2 Robbery, 4 Conspiracy, and 5 Attempted Murder, all to run concurrently. Restitution was ordered in the amount of $49,745.74 to be paid jointly concerning all defendants.

Notice of Appeal was filed by Petitioner, through trial counsel, Jason Coatney, on November 16, 2004. United States Court of Appeals for the Eighth Circuit affirmed the district courts judgement and mandated Case no. 04-3836 on March 17, 2006.

## REASONS FOR GRANTING THE MOTION

As set forth in the memorandum in support of this motion, Petitioner was denied various Constitutional Rights, including the Rights to Due Process, and her SIXTH AMENDMENT Rights. In addtion, the ends of justice require granting the motion. Furthermore, a miscarriage of justice will result from a denial of this motion.

## BACKGROUND

The government's theory alleged that Barbara Turner "had a great plan" (Tr. 1458, ln. 22-23). The prosecution theorized that Turner perfected the means to construct the robbery of the Davis Club, a government facility under the management of Turner (Tr. 1181-1184). A special event, Super Bingo, was scheduled to occur and Turner allegedly "planned" to relieve the club of it's funds, especially the Super Bingo check, the government calls, "the big money" (Tr. 1457, ln. 14-16). Throughout the government's final argument, prosecutor David Jones refers back to Turner as, "you're Barb Turner and you've got this great plan" (Tr. 1458, ln. 22-23). He "put's together a jigsaw puzzle one piece at a time" (Tr. 1440, ln. 5-7) for the jury, that gradually illustrated how he believed each defendant took part in the government's theory to bring together the eventual outcome of Turner's conviction. Definition's, jury instructions, and overt acts were extensively prescribed to the jury during the course of the trial.

Evidence against Turner pertaining to counts 1 and 3, consisted of a box of shotgun shells (missing four shells), found in Turner's apartment (Tr.1358, ln. 773-775), where the other defendants had unrestricted access, and testimony from government witness Jerome Shelton.

On direct, Shelton was asked repeatedly concerning an alleged discussion with Turner, concerning "Billy Boone" purchasing a gun from Shelton. Shelton emphatically denied having any type of conversation with Turner concerning the subject topic even after being directed to his former statements for aid and recollection (Tr. 561-564), and when told which lines the government was referring to specifically, Shelton corroborated, "Uh-huh, that's the one's I read." (Tr. 565, ln. 15-19).

Concerning counts 2 and 4, the government alleges Turner's "plan". The theorized "plan" included circumstantial evidence of Turner cashing the Super Bingo check too early, by one or two days (Tr. 202; 362-363), and changing Washington's work schedule at his request [both actions fell under the scope of Turner's employment responsibilities] (Tr. 1185); a video tape of the defendant's entering and exiting Wal-Mart during the purchase of cable ties and walkie-talkies (Tr. 573-574; 629); civilian identification badges found on Turner's computer [where computer expert testified there was no evidence that badges or photos were ever printed, or put together (Tr. 861, 867)], furthermore, hard copy badges were never ascertained; a mistaken apology (Tr. 539-540) much like an apology from the prosecuting attorney David Jones to defendant Washington (Tr. 1470, ln. 24-25 and Tr. 1471, ln. 1-21); and rumors of a safe combination and a fight (Tr. 1468, ln 10-13).

ARGUMENT

The SIXTH AMENDMENT of the United States Constitution guarantees the right to Effective Assistance of counsel in a criminal case and are evaluated unter a two-prong test set forth in <u>Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064-74,</u>

80 L.Ed.2d 674 (1984).

To succeed on any claim of ineffective assistance of counsel the Petitioner must show 1) that her attorney representation fell below an objective standard of reasonableness, and 2) due to counsel's unprofessional errors the results of the proceeding would have been different. Petitioner does not have to show that her counsel's deficient conduct more likely than not altered the outcome in this case. U.S. Constitutional Amendment 6. The defendant must show that reasonable probability exists, "but for counsel's unprofessional errors, the result of the proceedings were fundamentally unfair and unreliable. Lockhart v. Fretwell, 505 U.S. 364, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993).

GROUND ONE

Counsel Jason Coatney, was ineffective in fialing to raise objection and argue the insufficient evidence concerning counts 1 Murder and 3 Use of a Firearm, as specified in the definitions and jury instructions, thereby denying Petitioner her SIXTH AMENDMENT right to Effective Representation.

In light of Shelton's testimony that Turner had no discussion with him concerning the purchase of a gun, counsel had a duty to address the court regarding the nature of Shelton's testimony and to which defendant it was focused. Even had the trier of fact, found that Shelton was lying concerning Turner's conversations with him, the substance of the conversations with him cannot be concluded without any further evidence, other than the government's infernece that the nature of any of their discussions concerned

a gun, much less a gun used in the robbery of the Davis Club. Defense counsel failed to strategically attack the theories of the government, and perpetrate aggressive defense tactics in order to sufficiently defend Petitioner, in regards to insufficient evidence. In United States v. Huerta-Orozco, 272 F.3d 561, 565 (8th Cir.2001), the Eighth Circuit Court of Appeals noted, "If, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, [the district court] may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Even viewed in light most favorable to the government, a box of shotgun shells found in a residence that all the defendant's had unrestricted access to, fails to establish beyond a reasonable doubt that Petitioner had any knowledge of the use of a weapon in violation of Title 18 U.S.C. §§1111, 2 and 7(3) or §§924(j)(1) and 2. Therefore, proof of an essential element in accordance with counts 1 and 3 is lacking, and counsel failed to bring light on the issue. For purposes of ineffective assistance of counsel claim, while defense counsel is not required to leave no stone unturned or pursue issues with low probability of success, counsel is required to turn over the "large stones" and pursue the obvious issues. U.S.C.A. Constitutional Amendment 6, Ex Rel. Williams v. Washington, 863 F.Supp. 697, 699 (N.D.Ill 1994).

GROUND TWO

Petitioner's SIXTH AMENDMENT right to Effective Assistance of Counsel was violated through counsel's deficient performance in investigating this case.

Counsel failed to retrieve written documentation and to conduct pretrial interviews of Custodian's (of policy), concerning Standard Operating Procedures (SOP) of the Club Operations Division-Davis Club, the Super Bingo check, and the rules governing it, to include the date of it's availability.

The case at bar relies heavily on the SOP of the Club Operations Division, however, no witness' and little testimony was provided concerning procedures or policies. Had counsel conducted pretrial investigations concerning written documentation and those that were appointed as custodians of SOP's pertinent to safety and security, and execution and procedure of facilities and their programs, the defense would have shown that Turner was merely performing in the commission of her title, in regards to making and changing schedules, specifically, when schedules were to be completed, and management of "fixed" and "rotating" collateral, to include special events funding.

Connie Oeffler, who held the title of Operations Assistant for the Davis Club (on December 13, 2001) (Tr. 359, ln. 20-21), testified concerning the Super Bingo check (Tr. 449, ln. 13-18), but her knowledge of operating procedures concerning the Davis Club or Super Bingo cannot be perceived as that of an expert. Oeffler's knowledge of the day to day activity, would be sufficient in comparison to "holding down the fort", but her knowledge at a Business Management standpoint lacks severely. She is not proficient in matters of policy. On cross examination, Oeffler is asked several questions concerning common procedures and policies

of the Davis Club and to each question she responds, "I don't know" (Tr. 434-438, 445-450, 452-454). A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed.R.Evid. 602. In Kemp v. Balboa, 23 F.3d 211 (8th Cir. 1994), a practical nurse had no personal knowledge of the inmate's failure to pick up his medication, but testified to her review of his medical file. In concert with this case, Oeffler held a position as an Operations' Assistant of the Davis Club, and was not appointed as custodian of any policies as her testimony substantiates, therefore, excluding her on the matters at hand.

The statement of Jennifer Lemasters, Office Cashier to the Davis Club (on December 13, 2001), established that "Mr. Morgan" informed her that the check was being requested and "would be FedEx on 7 December 2001". When asked if Mr. Morgan told that to anyone else, she responded, "I don't know". She was asked when she found out the check was ready for pick up, she replied, "on 12 December '01". Finally, she was asked when she told Turner about the check. Her response was when Turner "arrived at the club around 1500" on "13 December '01" (Tr.1176-1178). Currently, the record does not show that Turner had any knowledge of when the Super Bingo check would be available, therefore restricting her ability to "plan" for a robbery, much less plan to even change schedules. With the documentation of written procedures, defense would have shown that schedules would have had to been completed prior to the first day on the schedule, and there was no policies predominate of special event funding.

Petitioner also requested that counsel meet with Kevin Wilson who was the father of Melisa Winslow's child. Prior to Winslow giving birth to Wilson's son, they separated and Wilson became involved with Turner for a short period of time. Wilson could have provided information regarding the extent of Winslow's and Petitioner's association, and Winslow's resentment towards Turner. In Tosh v. Lockhart, 879 F.2d 412, 414 (8th Cir.1989), the district court concluded that Tosh was prejudiced by the absence of alibi testimony. Wilson's testimony would have shown Winslow's motive for adversely testifying against Turner.

Petitioner also requested that counsel retrieve documentation to support Turner's assertion that "money" would not be a motive for Turner, as prosecution declares(Tr. 1457). Turner inquired that counsel retreive bank records from the Mid-MO Credit Union verifying that Turner was financially grounded. Retrieving financial records would have provided Turner with a solid defense, forcing the government to prove motive other than money.

GROUND THREE

Counsel was ineffective in failing to object at trial on Prosecutorial Misconduct during final argument and on appeal, therefore violating Petitioner's SIXTH AMENDMENT right. At close of all argument's, counsel Coatney objected to government's changing of the burden of proof, but overlooked the entire final hour of prosecuting attorney David Jones argument.

During the government's rebuttal argument, Jones illustrates putting evidence together for the jury as "you put together a

jigsaw puzzle one piece at a time. But when you are done, you have the whole picture." (Tr 1440, ln. 5-7) Jones joins parts of his puzzle with pieces of fact and makeshift pieces to hold it together, eventually drawing his opinion of the "whole picture" for the jury. "A single misstep by prosecutor may be so destructive of right to fair trial that reversal is mandated." United States v. Johnson, 968 F.2d 768 (8th Cir. 1992) quoted from United States v. Solivan, 937 F.2d 1146, 1150 (6th Cir. 1991).

Jones links Turner to the gun with his makeshift pieces as he describes Turner smuggling the gun onto the base, because Boone and Crieghton might get "pulled over", so they couldn't do it. Washington could have, but he was "nervous. So who does it? Barb Turner smuggles the gun onto the base." He doesn't stop there. He continues to work his puzzle together by stating how and what she continues to do with the gun after she smuggles it. Directly following prosecutor Jones states, "Unreasonable? Impossible? Highly unlikely? Now again, it could be under the evidence Creighton, Washington, or Turner, but I submit to you that one of them smuggled that gun onto the base." (Tr. 1548, ln. 24-25, Tr. 1459, ln. 1-24). Jones infers that "smuggling" and who's smuggling is in evidence. There is no evidence, circumstantial or otherwise, to support Jones claim or the claims that follow, for that matter. This is clearly a misrepresentation of the facts. In United States v. Young, 470 U.S. 1,7, 105 S.Ct. 1038, 1042, 84 L.Ed.2d 1 (1985), the Supreme Court held that prosecutors must refrain from using methods calculated to produce wrongful conviction; although a prosecutor may strike hard blows, [the prosecutor]

is not at liberty to strike foul ones." As in United States v. Beckman 222 L.Ed.3d 515 (8th Cir. 2000), the government's closing argument did more than argue permissible inferences from the evidence, it asserted facts not in evidence and attempted to argue and imply inferences therefrom. The United States Court of Appeals for the Eighth Circuit found such conduct "clearly improper". Counsel's failure to object to the improper practices of the government at the close of rebuttal argument, conclusively provides confirmation of counsel's deficit performance in this case.

CONCLUSION

For the foregoing reasons, this court should vacate and set aside Petitioner's conviction for violation of Title 18 U.S.C. §§1111, 2 and 7(3) Murder; 18 U.S.C. §§2111, 1 and 7(3) Robbery; 18 U.S.C. §§924(c), §§(j)(1) and 2 Unlawful Use of a Weapon; and 18 U.S.C. §§371 Conspiracy. In the alternative, this court should enter and order vacating conviction and remanding the case for a new trial.

Respectfully submitting,

B. Turner

Barbara Turner, pro se
15412-045
Federal Correctional Institution
501 Capital Circle, NE
Tallahassee, Florida 32301

VERIFICATION

I, Barbara Turner, hereby declare under Penalty of perjury that the facts stated in the foregoing memorandum are true and correct.

Dated: March 15, 2007 By: B. Turner



Case 6:07-cv-03094-DW Document 1 Filed 03/22/07 Page 25 of 26

# CERTIFICATE OF SERVICE

This is to certify that I have served a true and correct copy of the foregoing,

Motion §2255 and brief

upon the following addresses, by placing same in a sealed envelope, bearing sufficient postage for the delivery via United States Mail Service to:

UNITED STATES DISTRICT COURT
District Clerk
222 N. John Q. Hammons Pkwy
Springfield, MO 65806

and deposited in the postal box provided for inmates on the grounds of the Federal Correctional Institution Tallahassee, Florida 32301 on this 15 day of March, 2007.

B. Turner

Barbara Turner, pro se
15412-045

Litigation is deemed FILED at the time it was delivered to prison authorities.

**See: <u>Houston v. Lack</u>, 487 US 266, 101 L Ed 2d 245, 108 S Ct 2379 (1988).**